# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| KAYLA FOSTER<br><br>    Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION<br>and BRIOTIX HEALTH,<br><br>    Defendant. | Case No.:  3:25-cv762-CHB<br><br><br>REMOVED FROM THE JEFFERSON COUNTY CIRCUIT COURT, KENTUCKY; 25-Cl-008962 |

## DEFENDANT'S NOTICE OF REMOVAL
## PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446

Defendant Costco Wholesale Corporation ("Costco"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes to this Court the case styled *Kayla Foster v. Costco Wholesale Corporation, et al.*, Case No. 25-Cl-008962, from Jefferson Circuit Court, Jefferson County, Kentucky. As set forth below, this Court has jurisdiction and Costco has satisfied the procedural requirements for removal.

## I.    BACKGROUND

1.    On October 27 2025, Plaintiff Kayla Foster ("Plaintiff") filed her Complaint against Costco and Briotix Health (collectively, "Defendants") in Jefferson Circuit Court. Costco was served with the Summons and Complaint on November 3, 2025 and Briotix Health was served with the Summons and Complaint on November 3, 2025. A copy of the Summons and Complaint and all other process, order, and papers served on Costco is attached as **Exhibit A**.

2.    The Complaint asserts causes of action against Defendants for: (a) disability discrimination, in violation of the Americans with Disabilities Act of 1990 (the "ADA") and the Kentucky Civil Rights Act (the "KCRA")(Count I); failure to accommodate a disability, in

violation of the ADA and the KCRA (Count II); and retaliation, in violation of the ADA and the KCRA (Count III).

3.     Specifically, Plaintiff alleges, among other things, that Defendants discriminated against her and failed to accommodate her disability ("auto immune-disorder which leaves her exceedingly cold, including in her extremities") when they failed to provide her a space heater due to safety concerns, instead offering her other alternatives that she did not approve or want, and placed her on leave for a year when she refused to transfer to a non-pharmacy role. (Complaint, Exhibit A, ¶¶ 15, 20-23, 33-34, 44, 58-63.) Plaintiff also seeks the following relief: (a) damages for her alleged economic and other losses, including, but not limited to, back pay, and front pay, in lieu of reinstatement; (b) damages related the alleged humiliation, embarrassment, personal indignity, apprehension about h[er] past, current, and future economic well-being, emotional distress, and mental anguish" as a result of Costco's alleged actions; (c) punitive damages; (d) attorneys' fees and costs; and (e) pre-judgment and post-judgment interest. (*Id.*, p. 15.)

## II.     THE COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1331 (FEDERAL QUESTION JURISDICTION).

4.     Pursuant to 28 U.S.C. 1331, the "district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." The ADA is a federal statute over which this Court has original jurisdiction. *See* 42 U.S.C. § 12101 *et seq*.

5.     In her Complaint, Plaintiff alleges that Defendants discriminated against her based on her alleged disability, failed to accommodate her alleged disability, and retaliated against her for requesting an accommodation related to her alleged disability, all in violation of the ADA. These allegations arise under a federal statute and therefore establish federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**III.    THE COURT ALSO HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION).**

6.      Pursuant to 28 U.S.C. 1332, the "district courts shall have original jurisdiction of all civil actions where" two elements are satisfied: (A) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;" and (B) the action "is between [] citizens of different states." Here, both of these elements are met.

**A.      The Amount in Controversy Exceeds $75,000.**

7.      It is clear from the face of the Complaint that the amount in controversy exceeds $75,000.[1] In this action, Plaintiff seeks back pay, front pay, attorneys' fees, costs, emotional distress damages, punitive damages, pre-judgment and post-judgment interest, and such other and further relief as this Court deems just and proper. (Complaint, Exhibit A, p. 11.)

8.      Pursuant to the KCRA, if Plaintiff is successful, she is entitled to recover her lost wages, costs, and attorney's fees. *See* KRS § 344.450 (employees injured by violation of this act may recover "the actual damages sustained, together with the costs of the law suit . . ." and the court's order "shall include a reasonable fee for the plaintiff's attorney . . .").

9.      Further, if successful, Plaintiff would be eligible to receive emotional distress damages. *See United Parcel Service, Inc. v. Barber*, 557 S.W. 3d 303, 309 (Ky. App. 2018) ("[I]t is clear that compensatory damages, including humiliation and emotional distress, are allowable under KRS 344.450.").

---

[1] In making the following calculations of approximate damages, Costco does not mean to imply that Plaintiff is entitled to any relief in this case. To the contrary, Costco maintains that Plaintiff is not entitled to any of the purported damages or other relief. Rather, Costco's position is that the amount in controversy exceeds the jurisdictional minimum required under 28 U.S.C. § 1332(a).

10.     At the time that Costco placed Plaintiff on an unpaid leave of absence, she was earning $78.93/hour. (Declaration of Nick Ryan, at ¶ 8, attached as **Exhibit B**.) Plaintiff worked an average of 45.75 hours per two-week pay period during 2025. (*Id.*, ¶ 9.)

11.     Given the anticipated timeline for trial, which is unlikely to occur before 2027, Plaintiff's claimed back pay would encompass more than one-hundred (100) weeks of back wages.

12.     Even without considering Plaintiff's claims for front pay, emotional distress damages, punitive damages, attorneys' fees, and costs, her alleged damages easily exceed the jurisdictional threshold. While Costco denies that Plaintiff is entitled to any relief, the amount in controversy requirement is clearly satisfied.

### B.     There is Complete Diversity Between Plaintiff and Defendants.

13.     Plaintiff is an individual. For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010) (noting that domicile is determined by where the individual resides and where they intend to remain); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) ("State citizenship for the purpose of the diversity requirement is equated with domicile.").

14.     Plaintiff alleges in her Complaint that she is a resident of the State of Kentucky, and counsel for Costco has confirmed that Plaintiff intends to remain in Kentucky. (Declaration of Attorney Brittany Bermudez, at ¶ 4, attached as **Exhibit C**.)

15.     As alleged in the Complaint, Plaintiff was at the time of filing (and upon information and belief still is) domiciled in Jefferson County, Kentucky and is, therefore, a citizen of the State of Kentucky for diversity jurisdiction purposes. (Complaint, Exhibit A, ¶ 1.)

16.     For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Moore's Federal Practice* 3D §102.50.

17.     Costco is a Washington corporation. (Ryan Decl., at ¶ 5, attached as Exhibit B.) Issaquah, Washington is the site of Costco's principal place of business, because it is where Costco's corporate headquarters are located, and is where its high-level officers direct, control, and coordinate its activities. (*Id*. at ¶ 6.) Accordingly, Costco is a citizen of the State of Washington.

18.     Defendant Briotix Health is a Delaware limited partnership, with a principal place of business located in Centennial, Colorado. Accordingly, Briotix is a citizen of the State of Colorado. (Declaration of Stephen Brown, at ¶¶ 6-7, attached as **Exhibit D**.)

19.     The above facts and the relevant allegations in the Complaint establish that the Parties are diverse, the amount in controversy exceeds $75,000.00, and that the U.S. District Court for the Western District of Kentucky, has diversity jurisdiction over this matter. Costco's invocation of diversity jurisdiction is therefore proper, as required by 28 U.S.C. § 1332(a).

## IV.     COSTCO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446.

20.     This Notice of Removal is timely in that it is filed within thirty (30) days from the date Costco received a copy of the Summons and Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons").

21.     Venue is proper in this District because, pursuant 28 U.S.C. § 105(b)(1), this District embraces the Jefferson County Circuit Court, Kentucky, the place where the removed action has been pending. 28 U.S.C. § 1441(a).

22.     In accordance with 28 U.S.C. 1446(a), a copy of all process, pleadings, and orders served upon Costco in the Jefferson County Circuit Court, Kentucky is attached as Exhibit A.

23. Costco will promptly file a copy of this Notice of Removal with the clerk of the Jefferson County Circuit Court, Kentucky and serve a copy on counsel for Plaintiff, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto as **Exhibit E**.

24. In cases involving multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). Here, all properly joined and served Defendants consent to removal of this action.

## V.    CONCLUSION

25. For the foregoing reasons, this Court has federal question jurisdiction and diversity jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332, respectively,  and the procedural requirements of 28 U.S.C. § 1446 are satisfied. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

WHEREFORE, Defendant Costco Wholesale Corporation respectfully requests that the above-described action pending against it be removed to this Court, and that this Honorable Court grant it all such other and further relief, at law or in equity, to which this Honorable Court deems they are entitled.

DATED:  December 3, 2025

Respectfully submitted,

COSTCO WHOLESALE CORPORATION

By: */s/ Kathleen C. Tranter*

Kathleen C. Tranter (KY Bar No. 95316)
ktranter@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Ste. 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

By:  */s/ Brittany N. Bermudez*
Uma Chandrasekaran
(*pro hac* vice to be submitted)
uchandrasekaran@seyfarth.com
Brittany N. Bermudez
(*pro hac* vice to be submitted)
bbermudez@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606-6448
Telephone:       (312) 460-5000
Facsimile:       (312) 460-7000

*Attorneys for Defendant*
*COSTCO WHOLESALE CORPORATION*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was e-filed, and a true and correct copy was served on all counsel of record, as listed below, via email and first class U.S. Mail, postage paid, on the 3rd day of December 2025.

Adam Johnson
Law Office of Adam Johnson
P.O. Box 458
Winchester, KY 40392
adam@adamjohnsonlaw.com
502.496.3383


*/s/Kathleen C. Tranter*
Kathleen C. Tranter